IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **AMGUARD INSURANCE COMPANY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 6:23-cv-03267-MDH |
| v. ) | |
| ) | |
| **JAMES CANTRELL III,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss Case or Stay Proceedings (Doc. 34). For reasons herein, Defendant's Motion is **DENIED**.

## BACKGROUND

This case arises out of an insurance claim filed by Defendant James Cantrell III ("Defendant") to Plaintiff AmGuard Insurance Company ("Plaintiff") seeking $525,000 from fire damage to his property. Plaintiff filed this action seeking declaratory relief alleging that Defendant was responsible for the subject fire, intentionally concealed or misrepresented material facts regarding the claimed loss, and that Plaintiff is not liable to Defendant under the insurance policy for the claimed loss. Plaintiff is a foreign corporation with its principal place of business in Pennsylvania, while Defendant is a resident of Missouri.

Plaintiff filed this action for declaratory judgment on August 23, 2023. Defendant filed a complaint in the Circuit Court of Polk County Missouri, seven months later on March 27, 2024. Defendant's state action includes Shanda Leer, who owned a one-half interest in the subject property. Defendant alleges various state claims against Plaintiff relating to its refusal to honor Defendant's insurance claim. Defendant also filed negligence claim against Ms. Leer alleging that

1

she tore down the remains of the house after the fire, hindering the fire investigation. Defendant filed his Motion to Dismiss Case or Stay Proceedings on June 3, 2024, nine months after the federal filing. Defendant is seeking this Court to stay or dismiss the declaratory judgment to allow the state court to adjudicate the matter.

## STANDARD OF REVIEW

"Generally, a federal district court must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16-19 (1983)); *see also Colo. River Water Conservation Dist. V. United States*, 424 U.S. 800, 817–18 (1976). However, this rule yields to practical considerations and substantial discretion when the federal complaint seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Declaratory Judgment Act allows federal district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id*. at 286. The Supreme Court has held that a federal district court has much broader discretion in determining whether to exercise jurisdiction in a declaratory judgment action during the pendency of parallel state court proceedings. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

## ANALYSIS

I. **The Federal Action and State Action Are Parallel Proceedings**

A threshold issue in this case is whether the state action is considered a parallel proceeding to this declaratory judgment action. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426

F.3d 994, 997 (8th Cir. 2005). Specifically, state proceedings are parallel if they involve the same parties, or if the same parties may be subject to the state action, and if the state action is likely to fully and "satisfactorily" resolve the dispute or uncertainty at the heart of the federal declaratory judgment action. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

Here, the federal declaratory judgment action is parallel to the state action. A determination of the state action would fully and satisfactorily resolve the dispute or uncertainty at the heart of the federal declaratory judgment. The declaratory judgment Plaintiff is asking from this Court includes finding Defendant is not covered by the underlying insurance policy; Plaintiff not being liable to Defendant; Defendant intentionally concealed or misrepresented facts regarding the claimed loss; Defendant was responsible for the fire; and Plaintiff is entitled to recover monetary damages. All these issues would be decided by the state action. While there is an additional defendant within the state action, that party alone would not defeat a finding that adjudication of the state action would dispense with the federal declaratory judgment.

II. **The Exercise of Jurisdiction is Proper in this Case**

The Eighth Circuit has held, "only in exceptional circumstances should a district court stay or dismiss a declaratory judgment action subject to parallel state litigation, even if diversity of citizenship is the only jurisdictional foundation." *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995). It is relatively uncommon for reviewing courts to find discretion abused when a district court elects to exercise jurisdiction. And when such abuses are found, there are typically distinguishing factors. *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 972 (8th Cir. 2013); *see also Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 877 (8th Cir. 2000).

Distinguishing factors include unsettled question of state law subject to a split in the state's own courts; inappropriate forum shopping to invoke a more favorable statute of limitations; and not allowing state proceedings to resolve an issue which would result in uniform decisions within the state's statutory scheme. *See Haverfield* at 875; *BASF Corp.* at 559; and *Cincinnati Indemnity Co. v. A & K Construction Co.*, 542 F.3d 623, 624 (8th Cir. 2008).

The current case has no distinguishing factors that would warrant a stay of proceedings or dismissal. The federal action was filed first and proceeded the state action by seven months. The Defendant did not ask this Court to stay or dismiss the case for another two months after he filed his state claim. The proceedings in this case have advanced to where numerous depositions have been held or scheduled (Doc. 16), both parties have disclosed expert witnesses and issued third-party subpoenas (Doc. 19) and both parties have briefed the Court on Defendant's Motion for Summary Judgment (Docs. 79 and 88). It would be in the interest of judicial economy and practical considerations to continue the litigation. This Court is in a better position to address the issues based on the progress of this litigation and the time of filing between the federal and state actions.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss or Stay (Doc. 34) is **DENIED**.

**IT IS SO ORDERED**.
DATED: November 12, 2024

                                      */s/ Douglas Harpool*
                                      **DOUGLAS HARPOOL**
                                      **UNITED STATES DISTRICT JUDGE**