IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:23-cv-03267-MDH |
| ) | |
| JAMES CANTRELL, III ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion for Partial Summary Judgment. (Doc. 79). Defendant has filed his suggestions in support (Doc. 80), Plaintiff has filed its suggestions in opposition (Doc. 88), and Defendant has filed his reply. (Doc. 91). The motion is now ripe for adjudication. For the reasons stated herein, Defendant's Motion for Partial Summary Judgment is **DENIED**.

## BACKGROUND

This case arises out of an insurance claim filed by Defendant James Cantrell III ("Defendant") to Plaintiff AmGuard Insurance Company ("Plaintiff") seeking $525,000 from fire damage to his interest in the house and personal property. Plaintiff filed this action seeking declaratory relief alleging that Defendant was responsible for the subject fire, intentionally concealed or misrepresented material facts regarding the claimed loss, and that Plaintiff is not liable to Defendant under the insurance policy for the claimed loss. Plaintiff is a foreign

1

corporation with its principal place of business in Pennsylvania, while Defendant is a resident of Missouri.

Plaintiff issued a policy of insurance to Defendant having a policy period of January 3, 2023, through January 3, 2024, on a dwelling located at 500 E Buffalo Street., Humansville, Missouri (the "House"). On March 6, 2023, the House and property inside the House sustained damages as a result of the fire. Defendant then submitted a claim under the policy for $350,000 for the House and $175,000 for the personal property. Plaintiff alleges that Defendant is barred from recovering because their investigation into the facts and circumstances surrounding the claimed loss revealed that Defendant concealed or misrepresented material facts. Plaintiff alleges this violates the insurance policy and thus recovery is barred. Defendant brings his current motion seeking partial summary judgment on Plaintiff's argument that recovery should be barred due to its allegation that Defendant, or someone at his discretion, intentionally set the fire citing a lack of evidence.

**STANDARD**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*,

Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**ANALYSIS**

Defendant argues that Plaintiff has no evidence that Defendant burned down the House or directed someone else to do so. Additionally, Defendant contends that Plaintiff has no proof that the cause of the fire was intentional rather than accidental and thus the Court should find in favor of his motion for partial summary judgment. Plaintiff argues that there is significant evidence of motive and opportunity to show Defendant or someone at his discretion started the subject fire. Specifically, Plaintiff argues that over-insurance of the House; removal or absence of property at the House; and legal proceedings threating Defendant's interest in the house all show Defendant had motive to start the fire. Plaintiff also argues Defendant had an opportunity to effectuate the fire.

In a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state. *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1255 (8th Cir. 1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Missouri cases hold that an insurer makes an arson claim or defense by showing that its insured intentionally caused or procured the fire. *Farm Bureau Town & Country Ins. Co. of Missouri v. Shipmnan*, 436 S.W.3d 683, 685 (Mo. Ct. App. 2014). Proof may be circumstantial, and a preponderance of evidence is sufficient. *Id*. "So long as the evidence and the reasonable inferences to be drawn therefrom tend more toward the probability that the fire was brought about by the procurement of the [insured,] the [insurer's] burden of submissiblity has been

3

sustained." *Id*. (citing *Bateman v. State Farm Fire and Cas. Co.*, 814 S.W.2d 684, 685 (Mo.App.1991).

## I. Over-Insurance of the House

Plaintiff first argues that Defendant significantly overinsured the house. The Statement of Uncontroverted Facts ("S.U.F.") show Shanda Lear purchased the house for $55,000 in 2018. (S.U.F. 13). Defendant would later agree to pay Phil Hubbard, Co-Owner of the House, $60,000 for an undivided one-half interest in the House in November 2022. (S.U.F. 15). Defendant subsequently purchased his policy from Plaintiff with a coverage limit on the dwelling for $350,000 two months before the subject fire. (S.U.F. 3 and 5). Defendant insured his $60,000 undivided one-half interest in the House for $350,000 which Plaintiff argues shows Defendant had a financial motive to collect on the insurance proceeds. The Court finds based on a preponderance of the evidence that Plaintiff has satisfied its burden of submissibility regarding over-insurance of the House.

## II. Removal or Absence of Property at the House

Plaintiff next argues that removal or absence of property at the House shows Defendant had a motive to burn down the house to collect the $175,000 insurance proceeds. The record shows the neighbors never saw the Defendant move property into the House. (S.U.F. 20). The record shows that the neighbors' observations are consistent with the findings from State Fire Marshal inspector Jay Hamilton and Humansville Fire Chief Mark Keller, who found a general lack of personal property in the House. (Doc. 79-1 page 4). Kara Cantrell also testified in her deposition that sometime between March 1-3 she and her daughters went over to the House to clean. (Doc. 88-11, page 6). Ms. Cantrell testified there was hardly any furniture in the house and that the girls'

4

belongings were already removed for the House. (Doc. 88-11, pages 7-8). She also stated that Defendant was packing stuff up into trash bags and putting it in his truck. (Doc. 88-11, pages 6-7). After the fire Defendant submitted a claim for lost personal property for the policy limits of $175,000. (S.U.F. 12). The Court finds based on a preponderance of the evidence that Plaintiff has satisfied its burden of submissibility regarding the removal or absence of property at the House.

### III. Legal Proceedings Over Interest in the House

Plaintiff further argues Defendant was motivated by legal proceedings threating his one-half interest in the House. The one-half in the House was previously purchased by Defendant from Mr. Hubbard for $60,000. (S.U.F. 15). Ms. Lear, as the House's Co-owner, did not consent to the sale of the one-half interest in the House to Defendant. (S.U.F. 17). Ms. Lear then filed suit against Mr. Hubbard and Defendant for partition of the House. (S.U.F. 18). On March 3, there was a hearing held in the partition action and the Court ordered the House to be sold and vacated by the parties prior to the sale. (S.U.F. 22). Proceeds of the sale were to be distributed 50 percent to Ms. Lear and the other 50 percent to be shared between Mr. Hubbard and Defendant. *Id*. Three days later on March 6, 2023, the House was heavily damaged by the fire. (S.U.F. 6). The Court finds based on a preponderance of the evidence that Plaintiff has satisfied its burden of submissibility regarding Defendant's motivation based on legal proceedings over interest in the House.

### IV. Opportunity to Set the Fire

Plaintiff argues that Defendant had the opportunity to set the fire. Kara Cantrell testified in her deposition that Defendant had filed previous fire insurance claims in January 2020 when her vehicle and their log cabin in Fair Play, Missouri burned within twenty-four hours of each other. (Doc. 88-11, page 2). Ms. Cantrell also testified that on February 27, 2023, Defendant had looked

5

Case 6:23-cv-03267-MDH    Document 95    Filed 03/24/25    Page 5 of 6

up on her phone how to total a house. (Doc. 88-11 pages 12-13). On March 6, 2023, surveillance footage captured Defendant arriving at the house in the evening. (S.U.F. 24). The surveillance footage showed Defendant stayed for less than an hour before leaving at 8:08 p.m. (S.U.F. 25). No other vehicles or persons are observed by the camera until it stops recording at 8:24 p.m. (S.U.F. 26). The fire report than states the fire came in at 8:32 p.m. and the first dispatch was issued at 8:35 p.m. (S.U.F. 27). When fire officials arrived at the House, they discovered the fire hydrant near Defendant's house was inoperable as the water had been manually shut off from the main line. (S.U.F. 30) This delayed the fire being put out as the firefighters had to retrieve a water shutoff tool to reconnect the hydrant to the water main. (S.U.F. 33). Chief Keller stated that the fire hydrant could not have been shut off accident and had to have been done manually. (Doc. 88-8, page 10). Chief Keller further stated the water shutoff tool could be purchased from a local hardware store. (Doc. 88-8, page 11). The Court finds based on a preponderance of the evidence that Plaintiff has satisfied its burden of submissibility regarding Defendant's opportunity to start the fire.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 24, 2025

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**